UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SOTO,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | Case No.  2:25-cv-1543-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis* ("IFP"), ECF No. 2.  However, plaintiff is a "Three-Striker" within the meaning of 28 U.S.C. § 1915(g). *See Soto v. Kolb*, Case No. 2:09-cv-1654-FCD-CMK (E.D. Cal. August 20, 2009) (recognizing plaintiff as a "three-striker" within in the meaning of 28 U.S.C. § 1915(g)).

The court takes judicial notice of the following cases constituting strikes: (1) *Soto v. Jordan*, Case No. 2:08-cv-2687-LLK-GGH (P), dismissed February 20, 2009; (2) *Soto v. California Dep't of Corrections*, Case No. 2:07-cv-1908-FCD-EFB (P), dismissed August 12, 2008; (3) *Soto v. California Dep't of Corrections*, Case No. 2:07-cv-1777-JAM-KJM (P), dismissed October 9, 2008.

A "three-striker" plaintiff may be afforded an opportunity to proceed *in forma pauperis* under section 1915(g) if he alleges that he was in imminent danger at the time he filed the

1

complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). The court must determine if the potential harm amounts to "serious physical injury" and whether the threat is "imminent." *Cervantes*, 493 F.3d at 1055-56. A prisoner fails to meet the exception where claims of imminent danger are conclusory. *Id.* at 1057 n.11. Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Plaintiff alleges that he recently learned that CDCR was subject to a data breach in 2019. He claims that he is now $65,000 in debt and that his debt started to accrue in 2019, implying that his debt is linked to the 2019 CDCR data breach. ECF No. 1 at 3.

Plaintiff's allegations are insufficient to show that he faced imminent danger of physical injury at the time he filed the complaint. Plaintiff has not alleged any facts demonstrating that he is presently being subjected to "serious physical injury." *See Cervantes*, 493 F.3d at 1055-56. Therefore, plaintiff's application for leave to proceed *in forma pauperis* must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in to proceed with this action.

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be DENIED and plaintiff be directed to tender the filing fee within twenty-one days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 5, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE